Steve TANDARIC, Plaintiff-Appellant,

v.

Robert H. ROBINSON, District Director, Chicago District, Immigration and Naturalization Service, United States Department of Justice, Defendant-Appellee.

No. 12238.

United States Court of Appeals Seventh Circuit.

Aug. 12, 1958.

Rehearing Denied Sept. 3, 1958.

896

Arthur A. Daronatsy, Gary, Ind., for appellant.

Robert Tieken, U. S. Atty., Charles R. Purcell, Jr., and John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Plaintiff has appealed from a judgment of the district court sustaining an order for his deportation and dismissing his complaint in an action filed by him seeking judicial review of an order of deportation issued by the Immigration and Naturalization Service (hereinafter sometimes referred to as the Service).

Plaintiff, who was born at Kovocica, Slovinska, then a part of the Austro-Hungarian Empire, but now a part of Yugoslavia, was admitted to the United States for permanent residence on July 2, 1911 under the name of "Stejo Rebic". He never became a naturalized citizen of the United States.

On March 9, 1937, he applied for a passport in the name of Emil Tandaric, his deceased brother. He recited in his application that he was a citizen of the United States, having been born at Chicago, Illinois, on May 24, 1912; that applicant had submitted a baptismal certificate in support thereof; and that the applicant had made sworn affidavit to the truth of the statements contained on the application before an agent of the Service.

Plaintiff testified at a hearing before a presiding inspector of the Service that he had signed Emil Tandaric's name to the application, that the photograph affixed thereto was a picture of plaintiff and that he had submitted Emil's baptismal certificate with the application.

In 1937, with a permit issued by the United States, plaintiff departed therefrom and enlisted in Abraham Lincoln Battalion International Brigade in Spain, serving that organization for about 23 months.

On January 7, 1939, plaintiff filed an application for registration in the name of Emil Tandaric, at the United States Consulate, Barcelona, Spain. This document recites that the applicant was born on May 24, 1912, at Chicago, Illinois, that applicant's passport had been left at "International Brigade Headquarters, Albacete, April 1937. Babtismal (sic) certif Church of the Assumption, 6005 South Marshfield Ave., Chicago", and that applicant had made a sworn affidavit to the truth of the recitations before the American vice-consul. He testified before said presiding inspector that he had obtained a travel document at the United States consulate in Barcelona, that he had made application therefor in Emil's name, and that the signature and photograph on the application were

his. On February 9, 1939, plaintiff, still using the name of Emil Tandaric, was admitted to the United States as a United States citizen.

On December 7, 1944 a warrant for the arrest of Steve Tandaric was served upon him at Hammond, Indiana. The warrant recited that Tandaric was deportable on the grounds that he entered as an immigrant not in possession of a valid immigration visa and not exempted from the presentation thereof, and that he admitted having committed a felony or other crime or misdemeanor involving moral turpitude, prior to entry into the United States, to-wit, perjury.

On July 24, 1946, a hearing on the two charges stated in the warrant was held at the United States Penitentiary at Terre Haute, Indiana. At that time plaintiff was represented by an attorney. Tandaric was the only witness to testify at the hearing, and his testimony related to his departure from the United States in 1937 and to the circumstances surrounding his re-entry in 1939.

On September 23, 1946, the presiding inspector filed his proposed findings of fact and conclusions of law in which he recommended that the alien was deportable on both of the grounds stated in the warrant and that he was not eligible for discretionary relief in any form.

On October 1, 1946 plaintiff filed an application for voluntary departure in lieu of deportation and pre-examination. On October 14, 1946 plaintiff's attorney filed his exceptions to the proposed findings, conclusions and order.

On March 7, 1947 the Commissioner of the Service ordered the cause re-opened "for the purpose of having the term [perjury] accurately and sufficiently defined to the" plaintiff.

On April 10, 1947 a hearing was convened pursuant to this order and adjourned on motion of the alien until May 26, 1947 to enable him to secure counsel.

At the hearing on the latter date the then presiding inspector defined perjury to the plaintiff as follows:

"You are informed that perjury is the wilful and corrupt assertion of a falsehood material to the issue in the case made under oath or affirmation in the manner prescribed by the law before a person authorized to administer oaths. Do you understand?"

The presiding inspector then asked the plaintiff:

"Do you admit at this time that you committed perjury before the American Consul at Barcelona, on January 7, 1939, when you made application for registry form?"

The plaintiff answered:

"I recognize that it amounts to perjury, but at the time action was taken, I did not think in the terms of perjury. I didn't recognize at the time that it was perjury."

The plaintiff further testified that the same answer applied to his 1937 passport application.

On June 18, 1947 the presiding inspector filed a memorandum in which he recommended that the alien be deported to Yugoslavia on the charges stated in the warrant of arrest. On July 3, 1947 plaintiff's attorneys filed exceptions to the memorandum and proposed order.

On October 24, 1947 the Acting Assistant Commissioner filed a memorandum in which he held that the charges had been sustained and that the plaintiff was ineligible for discretionary relief. It was accordingly recommended that his applications for voluntary departure, pre-examination and suspension of deportation be denied and that the plaintiff be deported to Yugoslavia. On December 26, 1947 the Board of Immigration Appeals (hereinafter sometimes referred to as the Board) entered an order which recited that

" * * * upon reviewing the record, we note that a question has been raised as to respondent's possible affiliation with or membership in an organization proscribed by the Act of October 16, 1918, as amended

[8 U.S.C.A. § 1182]. We think that before passing upon the merits of this case, the hearing should be reopened so that further evidence may be taken on this issue. If the further evidence developed at the hearing warrants, an appropriate charge should be lodged based upon the Act of October 16, 1918, as amended. In the meantime, the Commissioner's order and warrant of deportation will be withdrawn.

"Order: The Acting Commissioner's order and warrant of deportation are withdrawn, and

"It Is Ordered that the hearing be reopened to adduce additional evidence in accordance with the foregoing opinion and to lodge such further charges as the immigration authorities deem appropriate."

On August 10, 1950, pursuant to notice, a further hearing was held on the sole question of whether plaintiff was affiliated with or a member of an organization proscribed by Act of October 16, 1918, as amended, in accordance with the order of the Board of Immigration Appeals.

On October 12, 1950 the hearing examiner filed a memorandum in which he held that the hearing had " * * * failed to develop any evidence which would warrant a finding that the respondent is affiliated with or a member of an organization proscribed by the Act of October 16, 1918, as amended." The memorandum further stated that the hearing examiner concurred with the presiding inspector's opinion of September 23, 1946. On October 23, 1950, the plaintiff's attorney filed exceptions to the hearing examiner's recommended decision.

On November 24, 1950 an assistant commissioner filed a memorandum in which he held that both of the charges in the original warrant had been sustained, that plaintiff was ineligible for suspension of deportation or pre-examination, and that his application for voluntary departure should be denied. It was accordingly ordered that his applications for suspension of deportation, voluntary departure and pre-examination be denied and that the alien be deported.

After the plaintiff had filed timely notice of appeal an oral argument was conducted on February 14, 1951 before the Board. On April 6, 1951 the Board entered its decision in which it was held that the plaintiff was deportable; that he was ineligible for the discretionary relief of suspension of deportation and that, in its discretion, his application for voluntary departure and pre-examination was denied.

On March 20, 1957 plaintiff was taken into custody pursuant to an order of deportation entered on November 24, 1950.

Plaintiff's complaint was twice amended. During the pendency of this cause in the district court, plaintiff was enlarged on bail by order of this court.

A hearing was had before the court on the complaint as amended and defendant's answer thereto. The court filed findings of fact and conclusions of law, denied plaintiff's motion for a new trial and his motions to add to and amend the findings and conclusions of law.

In this court plaintiff argues that the Board did not have power to enter its order of December 26, 1947. However, it is conceded by plaintiff, in his brief herein, that the determination that plaintiff was not eligible for stay of deportation [1] or any other discretionary relief [2] was also before the Board for consideration. It is significant that at the time the order of December 26, 1947 was entered, plaintiff's appeal to the Board included a review of the denial of his applications for discretionary relief. It is evident that the Board believed that, inasmuch as the record before it showed possible association by plaintiff with a proscribed

1. § 19(c) Immigration Act of 1917, 39 Stat. 889, as amended, 8 U.S.C.A. (1942 ed.) § 155(c), now 8 U.S.C.A. § 1254.

2. 7th Proviso of § 3 of the Immigration and Nationality Act of 1917, 39 Stat. 878, 8 U.S.C.A. § 1182.

organization, the record thereof should be made complete so that the entire matter could be disposed of at one time.

■ This ruling was within the jurisdiction of the Board. Having the duty to grant or deny plaintiff's application for suspension of deportation, but having insufficient evidence to discharge that duty, the Board had no alternative but to reopen the case. As plaintiff points out, the Board is an appellate tribunal, created to decide questions of law. When the facts necessary to such decision are unavailable, the Board should remand the cause for further hearings.

Plaintiff's counsel has cited no decision to the contrary. For the reasons which we have stated, we do not believe that the Board lacked power to enter the order under attack.

Plaintiff further argues that the order which "withdrew both the order and warrant of deportation then pending against plaintiff was a final order [3] and that subsequently proper administrative procedure was not followed for reopening or reconsidering said action of the Board."

The answer to this contention is, as shown by the record, that the Board's order was not intended to be and was not a final order. It adjudicated no question in the appeal from the Commissioner. It merely directed a reopening of the proceedings before the Commissioner on a single question, which the Board found from a review of the record had been raised as to plaintiff's possible affiliation with or membership in a proscribed organization. The Board stated specifically that it thought that *before passing upon the merits of this case*, the hearing should be reopened so that further evidence might be taken on this issue.

We cannot understand why plaintiff now treats the December 26, 1947 action of the Board as a final order, when it therein in effect disclaimed that it thereby was passing upon the merits of

the case. We hold that it was not a final order.

Plaintiff also argues that the fact that the hearing of July 24, 1946 was held in a prison where plaintiff was incarcerated undoubtedly hampered the preparation of his defense and limited his choice of counsel. From this he concludes that "due process was indeed strained". There is no showing that conditions in the prison hampered plaintiff in the preparation of his defense or in any other manner.

■ Plaintiff seeks to show that a statement dated August 16, 1944, which he signed "Steve Tandaric, Steve Fenric, Emil Tandaric, Robert Bob Rebic", the latter three being aliases, should not have been placed in evidence at the hearing held July 24, 1946, because,

"'* * * Whenever a recorded statement is to be obtained from a person under investigation, he shall be warned that any statement made by him may be used as evidence in any subsequent proceedings.' 8 CFR 150.1(c), 1947 Supp."

"'* * * An affidavit of an inspector as to statements made by the alien or any other person during an investigation may be received in evidence, otherwise than in support of the testimony of the inspector, only if the maker of such statement is unavailable or refuses to testify at the warrant hearing or gives testimong contradicting the statement and the inspector is unavailable to testify in person.' 8 CFR 150.6(i), 1947 Supp."

There is no evidence in the record that plaintiff was not warned as provided by § 150.1(c). More important is the fact that sufficient evidence, other than the 1944 statement, was introduced against plaintiff at the 1946 hearing. In addition a mere reading of § 150.6(i) shows that it does not apply to the statement of plaintiff bearing his signature. The

---

**3.** He relies upon § 90.11 Chap. 1, Title 8, 1947 Supplement, Code of Federal Regulations.

document is not an affidavit of an inspector.

We shall not extend this opinion by a detailed recital of a number of ingenious, baseless, and, in some instances, frivolous contentions made by plaintiff. Neither singly nor collectively do they tend to show that the order of deportation is not supported by proper evidence or that it is arbitrary and capricious, thus violating plaintiff's right to due process under the Fifth Amendment to the constitution of the United States.

For all of the reasons hereinabove set forth the judgment of the district court is affirmed.

Affirmed.